Dear Ms. Dugas:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Assumption Parish School Board ("Board"), you have asked for our opinion on several matters related to the selection of the official journal for the Board. Particularly, you ask whether proposals submitted by potential vendors may be modified after submission or whether the Board is obligated to accept the lowest proposal.
At the outset, we wish to point out that the provisions of La.Rev.Stat. 38:2211, et seq., commonly referred to as Louisiana's Public Bid Law, are not applicable to the selection of an official journal. Louisiana's Public Bid Law is a prohibitory law founded on public policy.Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition HallAuthority, 04-0211 (La.3/18/04), 867 So.2d 651, 656. Under Louisiana's Public Bid Law, contracts for the purchase of materials and supplies exceeding $30,000 and contracts for public works projects exceeding $150,000 must be advertised and let by contract to the lowest responsible and responsive bidder. See
La.Rev.Stat. 38:2212, 2212.1. Neither La.Rev.Stat. 38:2212, nor La.Rev.Stat. 38:2212.1 refer to the selection of an official journal. Accordingly, the general rules regarding advertising, evaluation of bids, non-waiver of bid requirements, etc. are not applicable to the selection of an official journal.
Instead, Chapter 4 of Title 43 of Louisiana's Revised Statutes, "Official Journals of Political Subdivisions," govern the selection, qualification, and compensation of official journals. La.Rev.Stat. 43:141 provides the following, with respect to the selection of the official journal by school boards:
 § 141. Official journal to be selected by police juries, city and parish councils, municipal corporations, and school boards
 A. The police juries, city and parish councils, municipal corporations, and school boards in all the parishes, the parish of Orleans excepted, at their *Page 2 
first meeting in June of each year, shall select a newspaper as official journal for their respective parishes, towns, or cities for a term of one year.
 B. In any parish which is divided by the Mississippi River and has a population of not less than one hundred thousand the governing body shall have the authority to select two official journals for their respective parishes, one of which shall be located on one bank of the river and the other which shall be located on the opposite bank thereof and no act heretofore performed shall be considered invalid because of any such parish having heretofore designated two such official journals.
In general terms, school boards are free to select a newspaper as their official journal without engaging in any competitive bidding process. See Attorney General Opinion No. 00-161 (opining that the Assumption Parish School Board is not required to select its official journal on a low bid basis but may do so if it so chooses), Attorney General Opinion No. 89-347 (City of Hammond not required to select official journal on a low bid basis) and Attorney General Opinion No. 82-688 (Police Jury may, but is not mandated to, select official journal through public bidding). Even if bids are solicited there is no requirement that the low bidder be awarded the contract. See Attorney General Opinion No. 84-565 (Police Jury may reject any and all bids received for the selection of a parish printer) and Attorney General Opinion of June 4, 1970 (Police Jury may disregard bids prior to award of contract). The only requirement in the selection of the official journal is that the newspaper meets the minimum qualifications outlined by La.Rev.Stat. 43:142, which provides the following:
 § 142. Qualifications of newspaper
 A. The newspaper:
 (1) Shall have been published in an office physically located in the parish in which the body is located for a period of five years preceding the selection;
 (2) Shall not have missed during that period as many as three consecutive issues unless caused by fire, flood, strike, or natural disaster;
 (3) Shall have maintained a general paid circulation in the parish in which the body is located for five consecutive years prior to the selection; and
 (4) Shall have been entered in a U.S. post office in that parish under a periodical permit in that parish for a period of five consecutive years prior to the selection.
 B. The provisions of this Section relating to the five year requirement shall not contravene any contract existing between any governing body and a *Page 3 
newspaper on and prior to May 11, 1970; nor shall the five year requirement herein be applied in assessing the qualifications of a newspaper which was in existence on May 11, 1970; nor shall any provision of this Chapter prohibit a publication from becoming an official journal in a parish having a population of not less than four hundred thousand when the publication has actually published official proceedings within one year prior to June 1, 1986 of any municipal corporation, parish council, police jury, or school board within that parish.
Accordingly, it is the opinion of this office that the Board is under no obligation to award a contract for its official journal through a public bid process or that, even if bids are publically solicited, that the contract be awarded to the low bidder. Pursuant to La.Rev.Stat. 43:141, the Board is free to reject all proposers and select the newspaper of its choosing as long as the newspaper meets the minimum qualifications set forth in La.R.S. 43:142.
Your request also makes reference to past Board actions wherein the Board agreed or otherwise decided to pay more than what was listed in a particular proposer's proposal. You question the propriety of such actions. As set forth above, the submission of a proposal, in and of itself, does not constitute an irrevocable offer or otherwise obligates the Board to accept the lowest proposal. A review of the bid documents, and specifically the "Instruction for Proposers," fails to indicate that proposers were obligated to honor their pricing or otherwise guarantee their pricing for a period of time. Further, the "Instruction for Proposers" indicates that the Board reserved the right to take under advisement, reject any and all proposals, and waive any informalities. Although such language is prohibited under Louisiana's Public Bid Law, we believe such language is acceptable in the selection of an official journal to which the Public Bid Law does not apply. Nevertheless, we note that in the event the parties have actually entered into a binding contract, we believe paying more than what was contractually agreed to by the parties, without a significant change in the scope of service or object of the contract, would amount to a donation of public funds prohibited by Article VII, Section 14 of the Louisiana Constitution.
Article VII, Section 14 of the Louisiana Constitution, provides, in pertinent part, as follows:
 "Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. . . ."
Finally, we note that La.Rev.Stat. 43:147 provides the following with respect to compensation for printing: *Page 4 
 § 147. Compensation for printing
 A. The police juries, municipal corporations, and school boards throughout the state, may, at their option, have their official proceedings published by contract, which contract may not provide for a cost in excess of the maximum amounts hereinafter provided for. Payment may be made monthly or quarterly at the option of the police jury, municipal corporation, or school board, unless otherwise provided in any contract entered into for the publication of official proceedings.
 B. When the publication of proceedings is not done by contract providing for a lesser amount, the cost of advertisement in all parishes which do not contain a city of over one hundred thousand population shall not exceed the rate of six dollars per square of one hundred words or a fraction thereof. When the insertion contains material to be set in tabular form, the tabulated matter shall be computed on the basis of the number of words of straight matter which would occupy identical space.
 C. The agate line shall be the unit of basis of measurement and charges for all official proceedings published in parishes containing a city of more than one hundred thousand, but less than three hundred thousand population. When the publication of the proceedings is not done by contract providing for a lesser amount, the printing shall be let at not over thirty-three cents per agate line of space occupied by each insertion.
 D. The agate line shall be the unit or basis of measurement and charge for all official proceedings published in parishes containing a city of more than three hundred thousand population. When the publication of the proceedings is not done by contract providing for a lesser amount, the printing shall be let at not over thirty-seven cents per agate line of space occupied by each insertion.
La.Rev.Stat. 43:147 outlines the maximum costs for publication of certain proceedings. Any contract executed by and between the Board and its official journal may not provide for costs that exceed that what is provided for in La.Rev.Stat. 43:147.
We also note that La.Rev.Stat. 43:148 provides that bids may be required for printing what is generally designated as job work, or commercial printing if it exceeds twenty-five dollars. In this case, the contract shall be awarded to the lowest bidder. See
La.Rev.Stat. 43:148. Your request does not indicate that job work or commercial printing is involved. As such, we are not in a position to definitively determine whether the provisions of La.Rev.Stat. 43:148 are applicable. *Page 5 
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ MICHAEL J. VALLAN Assistant Attorney General
 JDC/MJV/crt